**BAO CHUN CAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 03–4281–ag.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

**2.** Business records indicating an inability to gain access to the building all postdate the injury in this case.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Karen Jaffe, New York, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, Steven Mullins, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: WALKER, Chief Judge, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

Cao Bao Chun petitions for review of the January 27, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005) (per curiam). This Court reviews an IJ's factual findings under the substantial evidence standard, which requires the Court to let a finding stand if it is supported by " 'reasonable, substantial, and probative' " evidence in the record when considered as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are factual findings and are therefore reviewed for substantial evidence as well. This Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). When rejecting an applicant's testimony as not credible, an IJ must cite "specific, cogent reasons for doing so," which bear a "legitimate nexus" to the adverse credibility finding. *Secaida–Rosales,* 331 F.3d at 307. An adverse credibility finding should concern the basis of the asylum or withholding claim, as opposed to ancillary matters, and should be measured against the whole record and circumstances surrounding the application process. *Id.* at 308.

■ Here, the BIA affirmed the IJ's decision without opinion, so this Court reviews the factual and credibility findings of the IJ for substantial evidence. *Twum,* 411 F.3d at 58. In arriving at his adverse credibility determination, the IJ cited numerous inconsistencies in Cao's testimony and documentary evidence, including the following:

(1) Cao initially stated that he was himself sterilized, and he then corrected himself and said it was his wife who was sterilized.

(2) Cao was inconsistent when asked about the consequences of his wife's first checkup after her IUD insertion. Cao

first stated that his wife went, discovered she was pregnant, and then hid at her mother's house. Later Cao stated that his wife did not go, and family planning officials ("FPOs") came to Cao's house looking for her, but she was not there. When questioned further about this incident, Cao was generally nonresponsive.

(3) Cao's statement that FPOs discovered his third child had been born on February 25, 1985, when he tried to register his children, is inconsistent with his testimony and written statement that his third child was not born until October 18, 1985.

(4) Cao's testimony was inconsistent and confusing as to how he discovered his wife was taken by FPOs to be sterilized in 1986. Cao allegedly did not see his wife taken away by FPOs, but he said he was home at the same time he claimed his wife was taken away.

(5) Cao responded ambiguously when asked how he found his wife in the hospital after she was sterilized. Cao first stated that he "asked around," but when asked to explain further, Cao gave somewhat nonresponsive answers.

(6) Cao was unable to persuasively explain why he waited over sixteen years after his traditional wedding to register his marriage or why he finally registered when he did.

(7) Cao was unable to persuasively explain why his household registration stated that his wife moved into his home in June 1990, despite the fact that they had been married 10 years earlier. When asked about this inconsistency on cross, Cao seemed to be confused as well, stating that she had been in his house "all along" or "maybe [she] just move[d] back."

■ Taken together, the above points cited by the IJ provide specific, cogent reasons that bear a legitimate nexus to the adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 307. Therefore, the IJ's credibility determination was supported by substantial evidence and must be affirmed. In the absence of credible testimony, petitioner could not carry his burden of proof for his asylum and withholding claims. The IJ also found that the fact that petitioner and his family suffered no harm while still living in China for twelve years after the alleged incident of persecution and the lack of other evidence prevents petitioner from proving that it is more likely than not that he will be tortured upon return to China. This finding is supported by substantial evidence and should be upheld.

For the foregoing reasons, the petition for review is DENIED, and the pending motion for stay of removal is also DENIED.